James Charles BELL, Plaintiff–
Appellant,

v.

WASTE MANAGEMENT, INC., Nation-
wide All Office(s); David Steiner,
C.E.O,; Lawrence O'Donnell, III;
Robert G. Simpson; Richard T. Fela-
go; Michael Mike Capland, & All As-
set(s) of All listed Hereunder; 15
U.S.C. 80a–2; Chris Weller; Shane
McCarty; Barry M. Willoughby, esp.,
Delaware Supreme Court Bar No.
1016; Schmittinger & Rodriguez, All
Law Office(s); Nicholas H. Rodri-
guez, Delaware Supreme Court Bar
No. 356; William D. Fletcher, Jr., De-
laware Supreme Court Bar No. 362;
Craig T. Eliassen, esq., Delaware Su-
preme Court Bar No. 2776; Dr. Wol-
fram Rieger, M.D.; Christine Garrett;
Peter T. Dalleo; Mike S. McGinniss;
Honorable Kent A. Jordon, Defen-
dants–Appellees.

No. 06–20263
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 22, 2007.

James Charles Bell, Felton, DE, pro se.

Before JONES, Chief Judge, and
HIGGINBOTHAM and M. SMITH,
Circuit Judges.

PER CURIAM: *

James Charles Bell appeals the district
court's dismissal of his pro se civil rights
complaint for want of prosecution because
Bell did not appear for a scheduling con-
ference. Bell argues that he would not
travel 1400 miles for a conference. He
noted that service had not been made on
the defendants.

A district court may sua sponte dismiss
an action for failure to prosecute or to
comply with a court order. *McCullough v.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988). A dismissal is reviewed for an abuse of discretion, but the scope of the discretion in narrowed when the dismissal is with prejudice or if the statute of limitations would bar prosecution of a suit dismissed without prejudice pursuant to Rule 41(b). *Id.; Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1190–91 (5th Cir.1992). There must be "a clear record of delay or contumacious conduct" on the part of the plaintiff or the record must show that lesser sanctions had proved to be futile. *Berry,* 975 F.2d at 1191.

By not specifically indicating otherwise, the district court's dismissal of the complaint was with prejudice. FED. R. CIV. P. 41(b). It also appears that the statute of limitations would bar prosecution if Bell filed a new complaint. *See Jacobsen v. Osborne,* 133 F.3d 315, 319 (5th Cir.1998); *Hitt v. Connell,* 301 F.3d 240, 246 (5th Cir.2002).

The record does not reflect that Bell delayed the proceeding or engaged in ongoing contumacious behavior. The district court did not state whether it had considered imposing a less drastic sanction.

However, Bell has not argued on appeal that the sanction of dismissal was too severe in light of his misconduct, and he has not made any other arguments showing that the district court abused its discretion in dismissing the case for failure to prosecute. Although pro se briefs are liberally construed, the pro se party must brief the issues and comply with FED. R. APP. P. 28. *Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir.1995). In the absence of any argument identifying the district court's errors, we affirm the district court's dismissal of the complaint.

AFFIRMED.